## L. N. Ashley v. Sarah E. Fitzwilliams.

1. PREPONDERANCE OF EVIDENCE—*when modification of instruction as to, erroneous.* In this case, which was an action for damages for alleged injury to crops, etc., from overflow, an instruction which told the jury that it was incumbent upon the plaintiff to prove by a preponderance of the evidence that the damages sued for were done by the dam complained of and that no recovery could be had if the defendant put a tile in the ditch in question, was improperly modified by an addition as follows: " unless the jury further believe from a preponderance of the evidence that the defendant built what is called the Ashley dam, and that in building the same he did build and maintain the dam higher than the surface of the land on the Fitzwilliams side of the dam."

Action on the case for injury to crops, etc. Appeal from the Circuit Court of Ford County; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

RAY, DOBBINS & RILEY and CLOUD & THOMPSON, for appellant.

SCHNEIDER & SCHNEIDER and KERR & LINDLEY, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Sarah E. Fitzwilliams, appellee, brought suit against L. N. Ashley, appellant, to recover for damages alleged to have been done to her interest in crops and grass resulting from overflowing appellee's lands by means of appellant's filling up part of a ditch, and constructing a large dam upon his, appellant's, land across said ditch.

Appellee recovered a judgment, to reverse which this appeal is prosecuted.

Appellee's declaration charges, in substance, that on or about January 1, 1884, by mutual license and consent appellee and appellant constructed an open ditch through a natural depression upon the land of appellee, across and over the lands of the appellant, and that thereafter the waters that fell and accumulated upon the lands of appellee flowed freely through said ditch; that said ditch afforded ample and sufficient drainage for said lands of appellee, and that no revocation of said license was ever made, nor any suit brought prior to July 1, 1890, to annul the rights of appellee to have said ditch maintained, and that by reason of the premises, appellee had a right to have said ditch kept open as a waterway, etc. And further charged that the appellant, on or about January 1, 1895, without the consent of appellee, filled up that part of the ditch on his land and constructed a dam upon and across said ditch upon his own land a few feet north of the line between the parties, by reason whereof the water which fell upon the lands of appellee and which passed and flowed through said ditch, was dammed back upon appellee's lands and there remained, which would not have occurred but for the acts of the appellant in filling up said ditch and constructing said dam across said ditch; by reason whereof appellee's crops and grass were injured and destroyed, etc.

It appears from the evidence that the lands of appellant adjoin those of the appellee on the north, and that some

time about the year 1884, by mutual license and agreement, entered into between the parties, a ditch was dug through or from a depression upon the lands of appellee northerly to and across the lands of appellant. And it is claimed by appellee that as appellant did not revoke such license or bring suit to annul the same, said appellee, under the statute relating to "Drains constructed by license, approved June 4, 1889, and in force July 1, 1889," became vested with the right to have said ditch kept open and maintained across the premises of appellant.

The evidence showed that appellant had put tiling in the bottom of the ditch across a part of his land and had then filled up the ditch and constructed the dam above mentioned. · The dam is shown by the testimony and map and survey of Surveyor Helman to have been one hundred and thirteen feet long and from two feet and four inches to three feet and four inches high; and to have been considerably higher than the banks of the ditch and higher than the general surface of the land and ground on the sides of the ditch at that point.

The main matters in controversy, *i. e.*, the granting of the original license, whether or not it was upon a condition that a ditch be opened across the Stroh land and whether it was still in full force, the use of the tile and the size thereof across the Stroh land, damages to crops, etc., were questions of fact for the jury, and we would not be disposed to disturb the verdict, if the jury had not been misdirected by the instructions. The case being close, however, upon the facts, it is essential that the jury should have been instructed accurately.

The gist of the charge in the declaration is that the appellant had unlawfully filled up the ditch, alleged to be rightfully there, which said ditch afforded ample and sufficient drainage for the lands of the appellee.

There was no claim whatever that the appellant had no right to erect a dam upon the general surface of the ground, provided he left the ditch open and unobstructed, and it could make no difference to the appellee how high or how

long a dam appellant built upon his own premises so long as the ditch, which appellee averred in her declaration was ample and sufficient to afford drainage for her land, was left open as contemplated in the alleged mutual agreement.

On the trial of the case appellant asked an instruction, to the effect that it was incumbent upon the appellee to prove by a preponderance of the evidence that the damages sued for were done by the dam complained of and that no recovery could be had if the appellant put a tile in the Ashley ditch. To this instruction as presented, the court added the following clause: "unless the jury further believe from a preponderance of the evidence that the defendant built what is called the Ashley dam, and that in building the same he did build and maintain the dam higher than the surface of the land on the Fitzwilliams side of the dam."

This qualification could not have failed to mislead the jury. Appellee at most could only claim that the ditch in question should be left open and unobstructed. Especially is this true, since the declaration sets up that the ditch was ample and sufficient to carry off the waters, and does not aver that the appellant had in any way interfered with a natural drain or outlet.

The giving of this instruction was prejudicial error, and for such error the judgment must be reversed and cause remanded.

*Reversed and remanded.*